PARKER, APPELLANT, *v.* FISHER ET AL., APPELLEES.

(No. 11455—Decided May 30, 1984.)

*Charles L. Parker, pro se.*
*Cheryl Fisher, pro se.*

QUILLIN, J. This case presents two questions. First, must a landlord, before commencing a forcible entry and detainer action, give the thirty-day notice called for in R.C. 5321.11, even though the tenant's breach violates both R.C. 5321.05 and the written agreement? The answer is, yes. Second, must a landlord, before commencing a forcible entry and detainer action, give the thirty-day notice called for in R.C. 5321.11, when the tenant's breach violates a written agreement but does not violate R.C. 5321.05? The answer is, no.

The landlord commenced a forcible entry and detainer action in the Akron Municipal Court. Although the tenant was current in her rent, the landlord claimed that she had breached her lease by allowing loud noises, failing to keep the premises clean, and permitting an unauthorized person to live on the premises. The tenant did not appear at the hearing which was conducted by a referee.

The landlord testified that he had served a three-day notice but had not served a thirty-day notice because he felt R.C. 5321.11 did not require a notice when the conduct relied upon is in violation of a written lease.

The referee's recommendation that the writ not be allowed because of the lack of a thirty-day notice was adopted by the court. The landlord appeals.

R.C. 5321.05 sets forth certain statutory obligations of a tenant. R.C. 5321.06 provides that a rental agreement may include conditions which are not inconsistent with or prohibited by R.C. Chapter 5321.

R.C. 5321.11 provides:

"If the tenant fails to fulfill any obligation imposed upon him by section 5321.05 of the Revised Code that materially affects health and safety, the landlord may deliver a written notice of this fact to the tenant specifying the act and omission that constitutes noncompliance with such provisions and that the rental agreement will terminate upon a date specified therein not less than thirty days after receipt of the notice. If the tenant fails to remedy the condition contained in the notice, the rental agreement shall then terminate as provided in the notice."

R.C. 1923.02(A)(8) states that forcible entry and detainer actions may be brought against tenants who have breached an obligation imposed by R.C. 5321.05, which obligation materially affects health and safety; provided, prior to the commencement of such action, notice is given to the tenant in compliance with R.C. 5321.11. R.C. 1923.02(A)(9) provides that forcible entry and detainer actions may be brought against tenants who have breached a written rental agreement.

It is the landlord's position that when there is a breach of an obligation in a written lease which is also a breach of a tenant's duty under R.C. 5321.05, the landlord has an option to proceed under R.C. 5321.11 or to immediately bring an action without the thirty-day notice. We disagree.

When R.C. 5321.05, 5321.06, 5321.11 and 1923.02(A)(8) and (9) are read together, the legislative scheme is apparent. The statutory obligation of a tenant (R.C. 5321.05) as well as the statutory obligations of a landlord (R.C. 5321.04) are engrafted on every rental agreement in Ohio. Any violation of an obligation of a tenant included in R.C. 5321.05 which is relied upon as grounds for termination of the rental agreement

must be pursued, if at all, in compliance with R.C. 5321.11. The landlord cannot circumvent this requirement by placing the statutory obligation in writing and then ignoring the statutory notice requirement.

On the other hand, if there is a breach of an obligation imposed by a written rental agreement which obligation is not included in R.C. 5321.05, there is no requirement that there be the thirty-day notice called for in R.C. 5321.11.

In the present case the landlord's claimed breaches of obligation included both those which require a thirty-day notice to cure and at least one (unauthorized person living there) which did not require such notice.

The judgment is vacated and the cause remanded for further proceedings.

*Judgment vacated and*
*cause remanded.*

BAIRD, P.J., and MAHONEY, J., concur.