SANDEFUR MANAGEMENT COMPANY, APPELLEE, *v.* WILSON ET AL., APPELLANTS.

(No. 84AP-310—Decided March 26, 1985.)

James M. Schottenstein & Associates, James M. Schottenstein and Deborah L. Schottenstein, for appellee.

Ruth F. Ross, Clement Pyles and Legal Aid Society of Columbus, for appellants.

REILLY, P.J. Defendants appeal from the judgment of the Franklin County Municipal Court granting to plaintiff, Sandefur Management Company, the possession of the apartment leased by defendant Brenda Wilson. Defendant rented the apartment from plaintiff in August 1980. As a low-income tenant, defendant was entitled to participate in the Federal Housing Assistance Payment Program, which paid $466 a month in rent, defendant paying the remaining $46. The particular property in question was classified as substantial rehabilitation property, subject to regulation under Section 881, Title 24, C.F.R.

Defendant Wilson was obligated under the terms of the lease agreement to maintain electrical service to the apartment. An arrearage of some $661 developed in defendant's electric bill, and, in June 1983, the service was disconnected. This matter came to the attention of plaintiff, in December 1983, both through inspection of the premises and through a complaint from the tenant who lived above defendant. It seems that the lack of electrical service caused the pipes in defendant's apartment to freeze, cutting off service to the tenant above. Apparently, defendant was living elsewhere during this time.

Plaintiff served defendant with a "Notice to Leave Premises," on December 13, 1983, informing defendant that she was in material non-compliance with the terms of the lease by failing to pay utilities, as required in the lease, and by creating a physical hazard. The notice gave defendant until December 23 to vacate, but an accompanying letter indicated that the matter would not be pursued further if electric service was restored by December 23. Defendant met with plaintiff's project manager on December 23 and requested additional time to have the electricity restored. The testimony is conflicting as to whether additional time was given, the trial court finding that there was an extension of time.

The electricity was not restored until December 28, and, on December 27, the project manager requested that plaintiff's counsel commence legal proceedings. The case was subsequently

tried to a referee, who made findings of fact and conclusions of law. As to defendant's assertion that plaintiff was required by state and federal regulations to provide defendant with a thirty-day notice of termination of the lease, the referee concluded:

"E. The payment of the electric utility expense is an obligation imposed upon a tenant by Paragraph 7 of the lease at issue. It is not an obligation imposed upon a tenant by O.R.C. 5321.05. Therefore, the Referee finds that defendant was not entitled to a 30 day notice to cure under O.R.C. 5321.11. However, even if it were held that the defendant violated a provision of O.R.C. 5321.05 by failing to foresee that the non-payment of the electric bills at issue would result in the termination of her electric service and the eventual creation of a dangerous condition, it is to be doubted that the General Assembly intended to provide for a 30 day notice under O.R.C. 5321.11 in an emergency situation, such as existed in this case."

The trial court subsequently adopted the referee's recommendation that judgment be granted in favor of plaintiff, and defendant appeals, raising the following three assignments of error:

"I.  The lower court erred in overruling defendant's motion to dismiss on the grounds that plaintiff failed to comply with applicable federal regulations and the lease terms governing lease terminations and evictions from federal subsidized housing. Specifically, the lower court erred in its ruling that under the terms of the lease and under Title 24 of the Code of Federal Regulations as well as state law, defendant-appellants were not entitled to a thirty (30) day notice to cure prior to the eviction action being brought against them.

"II.  The lower court erred in overruling defendants' motion to dismiss on the grounds that plaintiff's notice to leave premises served under state law

fails to meet the requirements of notice of proposed lease termination rules and that these two notices cannot be combined and served simultaneously on defendants.

"III.  The lower court's failure to dismiss plaintiff's complaint was erroneous and a flagrant abuse of its discretion by permitting plaintiff, on the day of trial and without prior notice to defendants, to change the basis for the eviction from allegations stated in its notice as well as its complaint previously served on defendants. Such ruling was in direct violation of Section 881.607(C)(3) of Title 24, Code of Federal Regulations."

The first assignment of error raises the principal issue in this case, namely, whether defendant was given timely notice of the proposed eviction and an opportunity to cure the infraction. Although the property in question is subject to regulation under federal legislation, the applicable provision, Section 881.607(C)(2), Title 24, C.F.R., defers to applicable state law when the proposed termination of a lease is for material noncompliance with a lease term or material failure to carry out obligations imposed by state landlord-tenant legislation.

Pursuant to R.C. 1923.02(A)(8), a landlord may bring an action for possession against a tenant who has breached an obligation imposed by R.C. 5321.05 which materially affects health and safety. A landlord is also empowered to bring an eviction action based upon the breach of an obligation imposed by a written lease agreement. R.C. 1923.02(A)(9). In the case of an action under R.C. 1923.02(A)(8), the landlord is obligated to comply with the notice provisions of R.C. 5321.11. That section provides, as follows:

"If the tenant fails to fulfill any obligation imposed upon him by section 5321.05 of the Revised Code that materially affects health and safety, the

landlord may deliver a written notice of this fact to the tenant specifying the act and omission that constitutes non-compliance with such provisions and that the rental agreement will terminate upon a date specified therein not less than thirty days after receipt of the notice. If the tenant fails to remedy the condition contained in the notice, the rental agreement shall then terminate as provided in the notice."

In *Yutzy* v. *Huebner* (M.C. 1979), 14 O.O. 3d 440, the Franklin County Municipal Court held that, where an action of a tenant can be construed to violate both a term of the written lease and a provision of R.C. 5321.05 that materially affects health and safety, the thirty-day notice of R.C. 5321.11 must be given. The *Yutzy* decision was not appealed to this court, and the issue of the applicable notice provision which arose in that case has not been decided by this court in any other appeal. At oral argument, however, plaintiff conceded the validity of the rule announced in *Yutzy*, arguing instead that the referee found that defendant's conduct was only a breach of a term imposed by the lease, and not a violation of R.C. 5321.05; hence, the rule announced in *Yutzy* was inapplicable.

The basis of plaintiff's assertion that the lease was terminated based upon violations of the terms of the lease, which violations did not also constitute violations of the provisions of R.C. 5321.05, is that the eviction was based upon defendant's creation of a physical hazard, precluded by Paragraph 22 of the lease. Plaintiff interprets "physical hazard" to mean a hazard to the building itself, and not to its residents, and argues that R.C. 5321.11 applies only to conduct which materially affects the health and safety of residents. However, a more reasonable interpretation of the lease provision cited by plaintiff includes hazards to persons, and clearly the interruption of the water supply to adjoining apartments constitutes such a hazard,

and materially affects health and safety. Moreover, such interruption of the water supply falls within several provisions of R.C. 5321.05, among them section (A)(1), keeping the premises safe and sanitary, (A)(4), proper use of all electrical and plumbing fixtures, (A)(5), compliance with applicable health and safety codes, and (A)(6), intentional or negligent damage to premises.

While the referee found that, even if the notice requirement of R.C. 5321.11 applied, the legislature did not intend a thirty-day notice in an emergency situation such as was presented herein, as there is no such emergency exception provided in the statute. Thus, the trial court erred in its conclusion that the thirty-day notice provision of R.C. 5321.11 did not apply in this case, and in finding that defendant was given proper notice of the termination of her lease.

Therefore, the first assignment of error is well-taken and is sustained.

Defendant's second assignment of error, asserting that the trial court erred in finding that the notice given by plaintiff was sufficient both for purposes of giving notice of termination and notice to leave, is not well-taken. While, on the particular facts of this case, the notice which was given by plaintiff did not satisfy all applicable notice requirements, this court has held that a notice which complies in all respects with applicable federal and state notice requirements may be properly serviced in a single document. *Sandefur Co.* v. *Jones* (1982), 9 Ohio App. 3d 85. The deficiency in the notice procedures in the present case was not that a single notice was given to satisfy several requirements, but that the notice failed to satisfy the thirty-day notice requirement of R.C. 5321.11.

Thus, the second assignment of error is overruled.

Defendant's third assignment of error, asserting that the trial court erred in permitting plaintiff to change the violation alleged in support of its evic-

tion action on the day of the trial, is also not well-taken. The alleged violation at all times throughout was that defendant had failed to maintain electrical service, thereby permitting the plumbing in the building to freeze. While the complaint spoke in terms of "burst pipes," and the plaintiff proceeded at trial on the basis that defendant created a hazard that might cause the pipes to burst, defendant was sufficiently apprised of the alleged infraction, and was not prejudiced in her defense. Pleadings may be liberally amended to conform to the evidence, Civ. R. 15(B), and it is reiterated that defendant was not prejudiced in the presentation of her case.

Hence, the third assignment of error is overruled.

For the foregoing reasons, the first assignment of error is sustained, and the second and third assignments of error are overruled. The judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

McCORMAC and VICTOR, JJ., concur.

VICTOR, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.