### Portage Metropolitan Housing Authority
### v.
### Brown
[Cite as 4 AOA 470]

Case No. 89-P-2112
Portage County, (11th)
Decided June 8, 1990

Antonios C. Scavdis, 261 West Spruce Street, P. O. Box 978, Ravenna, Ohio 44266, for Plaintiff-Appellant.

Michael E. Edminister, 529 Society Building, 159 South Main Street, Akron, Ohio 44308-1317, for Defendants-Appellees.

MAHONEY, J.

Appellant, Portage Metropolitan Housing Authority ("PMHA"), provides housing for low income individuals. Appellee, Maryola Brown, is a tenant of a housing project operated by appellant at 1356 Town Square Drive, Number 1, Brimfield, Ohio. Appellant filed a forcible entry and detainer action after appellee failed to vacate the premises despite being served with a three-day notice to leave the premises. Appellant asked the trial court for a writ of restitution restoring the premises to appellant and for an order to remove and dispose of abandoned personal property.

A hearing was held before a referee in the Ravenna Branch of the Portage County Municipal Court. The referee made a recommendation to the trial court to deny appellant a writ of restitution. The trial court adopted the referee's findings, and appellant has timely filed a notice of appeal from the trial court's judgment.

It was established that appellee was a recipient of Aid to Dependent Children and had a total income of $263 per month. She paid $5 per month as rent for her unit. Appellee was divorced and lived with her nine year old daughter and her brother.

Capt. Robert Burgess of the Brimfield Police Department testified that appellee's apartment unit had been under surveillance for approximately four months during the early part of 1983. During that time period, known criminals with outstanding arrest warrants and felony convictions were observed frequenting the appellee's apartment at various times throughout the day and night. Additionally, controlled drug buys were made from appellee's apartment in which appellee was involved.

On June 1, 1989, the Federal Bureau of Investigation, together with the Brimfield Police Department, forcibly entered and searched appellee's unit and arrested appellee. These actions were performed pursuant to a federal search and arrest warrant. According to the testimony of Capt. Burgess, crack cocaine was found during the search of appellee's unit. Additionally, the officers found two semi-automatic pistols, various documents supportive of drug trafficking activities, documents pertaining to airline flight schedules, an electronic beeper, and $340 cash.

There was evidence that appellee drove a Chrysler New Yorker with a car phone, and she also leased a Pontiac Firebird. Appellee claimed, however, that the car phone was owned by her mother, yet could not explain why her mother would need a car phone. Appellee also testified that the beeper was necessary because her mother had been ill and needed to be able to reach her at any time. She further indicated that the weapons were for her protection. When asked who was selling drugs out of her apartment, appellee responded, "I have no knowledge."

The director of PMHA testified that the staff had received complaints from some of the resi-

dents regarding appellee, and maintenance personnel expressed fear about having to enter appellee's unit alone. Further, one of the residents left the premises and indicated she would not return until appellee was gone.

Appellee was charged by the United States of America with conspiracy to distribute cocaine and to possess cocaine with the intent to distribute in violation of Title 21, United States Code, Section 841(A)(1), and with committing an overt act in furtherance of said conspiracy in violation of Title 21, United States Code, Section 846.

On June 2, 1989, appellee was served with a three-day notice to leave the premises pursuant to R.C. Chapter 1923. It alleged, *inter alia*, that appellee possessed illegal drugs and weapons at subject dwelling which were confiscated by federal agents on June 1, 1989. Appellant's forcible entry and detainer action was filed June 7, 1989. A hearing was held on June 29, 1989, and the referee's findings denying the writ of restitution were adopted by the trial court on July 7, 1989.

According to the lease that appellee signed with appellant, tenants were required to:
"* * *

"h) Conduct themselves and require other persons on the premises with their consent, to conduct themselves in a manner that will not disturb neighbor's peaceful enjoyment of the premises:
"* * *

"k) Refrain from illegal conduct or actions detrimental to the other residents:
"* * *

"m) Use the dwelling unit only for residential purposes (and for no other use) by persons identified in the initial lease or application for continued occupancy: * * *"

Section h is nearly identical to R.C. 5321.05(A)(8), which requires a tenant who is party to a rental agreement to:

"Conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb he neighbor's peaceful enjoyment of the premises."

The trial court ruled that, with respect to section h, case authority dictates that, where the violation alleged is a violation of both the lease agreement and R.C. 5321.05, as it is in this case, the thirty-day notice provision of R.C. 5321.11 must be complied with. Appellant failed to provide appellee with a thirty-day notice, so the trial court held that violation of section h could not be used as grounds for the issuance of a writ of restitution.

With respect to sections k and m, the trial court found that there was insufficient evidence to prove either illegal conduct, actions detrimental to the other residents, or use of the dwelling unit for other than residential purposes. The trial court did not address the issue of whether thirty-day notice was required when illegal conduct is alleged, as it was in this case, pursuant to section k.

Appellant filed a timely notice of appeal, setting forth the following assignments of error.
"1. A METROPOLITAN HOUSING AUTHORITY IS NOT REQUIRED TO DELIVER A WRITTEN NOTICE OF NON-COMPLIANCE TO A TENANT UNDER O.R.C. 5321.11 TO TERMINATE A RENTAL AGREEMENT FOR THE ILLEGAL CONDUCT OF A TENANT IN POSSESSING AND IN PARTICIPATING IN THE SALE AND DISTRIBUTION OF ILLEGAL CRACK COCAINE.

"2. THE LOWER COURT ABUSED ITS DISCRETION AND ITS RULING WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE IN DENYING A WRIT OF RESTITUTION."

Subsequent to the filing of this appeal, appellee was given thirty-day notice and has vacated the premises. Ordinarily, under such circumstances, this case would be dismissed as being moot. However, in *Ruprecht* v. *Cincinnati* (1979), 64 Ohio App. 2d 90, the Court of Appeals for Hamilton Country held:

"* * * an appellate court may retain an appeal for a hearing and determination if it involves questions of public interest even though it has become moot so far as the parties of the particular action are concerned.* * *" *Id.* at 91. See, also, *Overesch* v. *Campbell* (1953), 95 Ohio App. 359.

The question that is raised in the instant caused -- whether a landlord is required to give a tenant thirty-day notice before beginning an eviction action when the tenant is conducting illegal activities on the premises -- is a question of public interest that appellant points out may never become ripe because of the length of time involved in an appeal. For that reason, we have decided to address only this narrow issue, which is raised in appellant's first assignment of error.

In the first assignment of error, appellant asserts that a thirty-day written notice pursuant to R.C. 5321.11 is not a prerequisite to the main-

tenance of an eviction action when illegal drug activity is the noncomplying activity. R.C. 5321.11 provides:

"* * * If the tenant fails to fulfill any obligation imposed upon him by section 5321.05 of the Revised Code that materially affects health and safety, and landlord may deliver a written notice of this fact to the tenant specifying the act and omission that constitutes noncompliance with such provisions and that the rental agreement will terminate upon a date specified therein not less than thirty days after receipt of the notice. If the tenant fails to remedy the condition contained in the notice, the rental agreement shall then terminate as provided in the notice."

Appellant argues that R.C. 5321.11 contemplates a "condition" that can be remedied by the tenant within thirty days. Appellant maintains that the operation of an illegal crack cocaine distribution business is not a "condition" of the premises but, rather, a criminal act and, therefore, the notice provision of R.C. 5321.11 is inapplicable to the case *sub judice*.

Ohio courts have consistently held that, when a tenant breaches an obligation in a written lease which action also constitutes a breach of tenant's duty under R.C. 5321.05, the thirty-day notice provisions of R.C. 5321.11 must be complied with before a forcible entry and detainer action can be brought by the landlord. *Parker v. Fisher* (1984), 17 Ohio App. 3d 103; *Sandefur Mgmt. Co., v. Wilson* (1985), 21 Ohio App. 3d 160; *Northland Village Apts. v. Harris* (July 6, 1987), Montgomery App. No. 10156, unreported.

In *Parker, supra,* the court accordingly held that, when the written lease is breached but there is no violation of R.C. 5321.05, the landlord need not give thirty-day notice before commencing a forcible entry and detainer action.

In the present case, appellant has alleged a violation of section k of the lease, which prohibits illegal conduct. It is clear that there is no comparable counterpart in R.C. 5321.05. Therefore, under *Parker, supra,* appellant did not need to provide appellee with thirty-day notice prior to commencing its eviction action.

However, appellant's first assignment of error is not demonstrated by the record. The referee's report, which was adopted by the trial court, avoided the issue of notice when illegal conduct is alleged by finding that there was insufficient evidence of illegal conduct. However, since the trial court decided on its merits the issue of whether illegal conduct was occurring in appellee's apartment, we can infer that the trial court did not find it necessary for appellant to provide appellee with thirty-day notice with respect to the illegal conduct allegation. We agree. Thus, the trial court's decision is affirmed as to the single issue this court has addressed.

Appellant's second assignment of error is moot and will not be addressed.

For the foregoing reasons, the decision of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., concurs.
FORD, J., dissents with dissenting opinion.

FORD, J.,

I respectfully dissent from the foregoing opinion as I find its reasoning to be somewhat bewildering. I concur with the majority's explication of the statutory requirements of R.C. 5321.05 and 5321.11 and agree that the thirty-day notice provision of R.C. 5321.11 is inapplicable in scenarios where the reasons for eviction are criminal activities which are not included in R.C. 5321.05. *Accord, Parker, supra.*

However, while I concur in the legal analysis set forth by the majority, I cannot agree with the factual conclusions the opinion sets forth. Examination of the referee's report indicates that the referee, rather than "avoiding" the issue of notice, confronted the issue squarely in his finding that there was insufficient evidence of illegal conduct to reach the question of whether a thirty-day written notice was required by statute when the tenant's behaviors included illegal activities. In the referee's view, insufficient evidence existed of criminal activities by the appellee, and thus the concomitant legal question was irrelevant.

The trial court, in its judgment entry, stated that "having reviewed the finding and recommendations of the referee, [it] approve[d] and hereby order[ed], adjudge[d], and decree[d] that the same be entered of record and made an order of this court.* * *" Nowhere can this author discover where anyone could determine that the trial court "inferred" that it was not necessary for the appellant to provide appellee with a thirty-day notice with respect to an illegal conduct allegation on a proper factual predicate. Instead, it appears patent that the trial court adopted the referee's findings that there was insufficient evidence of criminal conduct and offered no comment on the question of whether thirty-days' notice was required to evict should

the appellee have been found to have been engaged in such activities.

The majority rests its decision to affirm solely upon the specter of this alleged inference in the trial court's laconic judgment entry. However, the judgment of the majority opinion is to affirm the decision of the trial court itself. As a result, the action propounded by the majority is simply to offer an advisory opinion, in the event that this hypothetical situation (not considered by either the referee or the trial court) arises again. The majority offers no opinion, other than the fact that the issue is moot, as to whether the trial court's decision is against the manifest weight of the evidence, choosing instead to make its legal analysis a gelding in the case *sub judice.*

I further take exception to the disposal of the appellant's second assignment as moot by the majority. The question of whether a landlord is required to give thirty-days' notice under R.C. 5321.11, when the tenant is engaged in activities not covered by R.C. 5321.05, may, in the abstract, be of greater public interest than the factual question of whether the eviction action in this case was wrongfully maintained. However, the two questions are, in this case, so intertwined, that it seems inexplicable to pronounce solely on the legal question, under *Ruprecht, supra,* and dismiss the factual question as moot.

If this court is to determine that this case considers questions of great public interest, despite their alleged mootness [as the record itself demonstrates no such evidence of a subsequent eviction], I would suggest that we consider all of the assignments raised by the appellant. Examination of the referee's findings indicates that there was clearly competent, credible evidence which would indicate that criminal activity was occurring in appellee's apartment. Therefore, appellant was within its rights to forego the thirty-day R.C. 5321.11 notice when commencing its eviction action.

As I would reverse the trial court on the second assignment as well as address legal issues raised in the first assignment, which I feel were addressed neither directly or inferentially by the trial court, I would vote to reverse in the case at bar. I cannot, however, agree with the reasoning expressed by the majority and I must, therefore, respectfully dissent.