GEORGETOWN PARK APARTMENTS, Appellant,

v.

WOERNLEY, Appellee.

[Cite as *Georgetown Park Apts. v. Woernley* (1996), 112 Ohio App.3d 428.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69893.

Decided July 8, 1996.

Gary Fishman and Robert Hart Stotter, Stotter & Koosed Co., L.P.A., for appellant.

Debra S. Woernley, pro se.

O'DONNELL, Judge.

This matter came to be heard upon the accelerated calendar of the court pursuant to App.R. 11.1 and Loc.R. 25, the record of the Rocky River Municipal Court and the brief of appellant Georgetown Park Apartments ("Georgetown"), no brief having been filed by appellee, Debra A. Woernley.

Georgetown appeals from an October 31, 1995 order of the Rocky River Municipal Court finding that the court lacked jurisdiction to proceed on Georgetown's eviction complaint because no thirty-day tenancy termination notice had been served upon appellee Woernley.

At the time of this case, Woernley resided at the Georgetown but failed to pay rent for the months of July, August, and September 1995. Georgetown served Woernley with a three-day notice to vacate premises and filed its complaint for eviction, alleging that Woernley had entered the premises pursuant to a written lease but unlawfully held over the term without paying any rent. The court called the case for trial and both parties appeared in court. Citing *Yelanosky v. White* (Jan. 26, 1995), Cuyahoga App. No. 67479, unreported, 1995 WL 32869, the court dismissed the case finding that it lacked jurisdiction to proceed because Georgetown had not provided a thirty-day tenancy termination notice to Woernley as required by R.C. 5321.17(B).

Georgetown now appeals and raises two assignments of error for our review.

## I

"The trial court erred in its application of *Yelanosky v. White* (1995 Ohio Appeals, case No. 67479, unreported)."

## II

"The trial court erred in ruling that the court lacked jurisdiction to hear an action brought by a landlord in forcible entry and detainer alleging non-payment of rent by a tenant with an oral periodic (month to month tenancy) rental agreement unless the landlord has first given a thirty (30) day notice pursuant to R.C. § 5321.17, to the said tenant, prior to giving the tenant a three (3) day notice pursuant to R.C.1923.04."

Because these two assignments of error share a common basis in law and fact, we shall consider them together in this opinion.

Georgetown argues that no thirty-day notice of tenancy termination is required when a holdover tenant breaches a contractual obligation to pay rent.

The issue, then, presented for resolution is whether a landlord must serve a holdover month-to-month tenant who has defaulted on a rental obligation with a thirty-day tenancy termination notice pursuant to R.C. 5321.17(B) prior to serving the three-day notice to leave premises.

Two sections of the Revised Code require a thirty-day tenancy termination notice. They are R.C. 5321.11 and 5321.17(B).

R.C. 5321.11 states:

"If a tenant fails to fulfill any obligation imposed upon him by section 5321.05 * * * the landlord may deliver a written notice of this fact to the tenant * * * specifying that the rental agreement will terminate upon a date * * * not less than thirty days after receipt * * *."

R.C. 5321.17(B) provides:

"Except as provided in division (C) of this section, the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date."

However, R.C. 5321.17(D) states in part:

"This section *does not apply* to a termination based on the breach of a condition of a rental agreement * * *." (Emphasis added.)

"Rental agreement" as used in these code sections is defined in R.C. 5321.01(D) as:

"[A]ny agreement or lease, written or oral, which establishes * * * provisions concerning the use and occupancy of residential premises by one of the parties."

Accordingly, we conclude today that no thirty-day tenancy termination notice is required by R.C. 5321.11 unless the tenant violates a provision of R.C. 5321.05, and no thirty-day termination notice is required by R.C. 5321.17(B) where the termination is based on the breach of a condition of a rental agreement, *i.e.*, the failure to pay rent as in this case.

Upon review of R.C. 5321.05, we note that payment of rent is not a statutory tenant obligation, but rather one created by contract. Hence, we conclude that neither R.C. 5321.11 nor 5321.17 obligates a landlord to provide a thirty-day tenancy termination notice to a tenant where the only alleged breach involves failure to pay rent pursuant to a rental agreement. See, also, *Parker v. Fisher* (1984), 17 Ohio App.3d 103, 17 OBR 166, 477 N.E.2d 654, where the court stated in paragraph two of its syllabus:

"Where the tenant breaches an obligation in the written lease but does not violate R.C. 5321.05, the landlord need not give thirty days' notice to the tenant before commencing a forcible entry and detainer action."

■  Therefore, when a landlord seeks to file a forcible entry and detainer action for a breach of a rental agreement which is not a violation of R.C. 5321.05, only a three-day notice to vacate the premises is required prior to filing the eviction action.

We recognize that our decision today is factually different from *Siegler v. Batdorff* (1979), 63 Ohio App.2d 76, 17 O.O.3d 260, 408 N.E.2d 1383, where the alleged breach consisted of violations of health and safety codes as referenced in R.C. 5321.05, and the parties stipulated that a thirty-three-day notice had been given.  This is also different from *Yelanosky v. White, supra,* where the court found that a month-to-month tenancy arose by operation of law from a failed land contract without a rental agreement.  Here, unlike *Yelanosky,* termination is based on breach of an existing rental agreement and therefore the exclusion in R.C. 5321.17(D) applies, which means that no thirty-day termination notice is required.  Neither *Yelanosky* nor *Siegler* gave consideration to the effect of that exclusion.

In accordance with the foregoing analysis, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., and PATTON, J., concur.