**LORAIN METROPOLITAN HOUSING AUTHORITY, Appellant,**

v.

**FONSECA, Appellee.**

[Cite as *Lorain Metro. Housing Auth. v. Fonseca* (1996), 110 Ohio App.3d 292.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006282.

Decided July 24, 1996.

*Daniel Mason,* for appellant.

*William Anderson,* for appellee.

Reece, Presiding Judge.

Appellant, Lorain Metropolitan Housing Authority, appeals the decision of the municipal court affirming the magistrate's determination that it is not entitled to restoration of its property. We reverse and remand the cause for further proceedings.

## I

On April 6, 1995, the Lorain Metropolitan Housing Authority ("LMHA") filed a complaint against Gladys Fonseca, a resident of the Kennedy Plaza public housing development in Lorain, Ohio. LMHA sought to evict Fonseca, alleging that she was in violation of her lease agreement. LMHA claimed that Fonseca had violated a provision of the lease agreement requiring each resident "[t]o conduct himself/herself and cause other persons who are on the Unit with his/her consent to conduct themselves in a manner which is legal, orderly and which will not disturb his neighbors' peaceful enjoyment of their accommodations and will be conducive to maintaining the Development in a decent, safe and sanitary condition." Additionally, LMHA claimed Fonseca had engaged in criminal activity "that threaten[ed] the health, safety or right to peaceful enjoyment of the LMHA's Development by other residents."

LMHA served Fonseca with a "Notice to leave the premises" and "Notice of Termination of Lease" on March 17, 1995. Both notices informed Fonseca she had three days, until March 20, 1995, to quit the premises. The case was tried to a magistrate on August 16, 1995. Although Fonseca did not appear, she was represented by her attorney at trial. On September 6, 1995, the magistrate denied restitution of the premises to LMHA, determining LMHA had not given Fonseca the thirty days' notice required by R.C. 5321.11. The court adopted the magistrate's decision that same day. On September 27, 1995, the court overruled LMHA's objections to the magistrate's report and declined to grant LMHA a writ of restitution. This appeal followed.

## II

In its sole assignment of error, LMHA contends the trial court erred in applying the thirty-day notice requirement of R.C. 5321.11 to the case *sub judice.* In Ohio, a landlord may institute a forcible entry and detainer action against a tenant who has breached an obligation imposed upon her by a written rental agreement or by the Landlord and Tenant Act. R.C. 1923.02(A)(8) and (9).

Pursuant to Ohio's Landlord and Tenant Act, a tenant who is party to a rental agreement must do all of the following:

"(1) Keep that part of the premises that he occupies and uses safe and sanitary;

"(2) Dispose of all rubbish, garbage, and other waste in a clean, safe, and sanitary manner;

"(3) Keep all plumbing fixtures in the dwelling unit or used by him as clean as their condition permits;

"(4) Use and operate all electrical and plumbing fixtures properly;

"(5) Comply with the requirements imposed on tenants by all applicable state and local housing, health, and safety codes;

"(6) Personally refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises;

"(7) Maintain in good working order and condition * * * appliances supplied by the landlord and required to be maintained by the tenant * * *;

"(8) Conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises;

"(9) Conduct himself, and require persons in his household and persons on the premises with his consent to conduct themselves, in connection with the premises so as not to violate the prohibitions contained in Chapters 2925. and 3719. of the Revised Code * * *." R.C. 5321.05(A).

Where a tenant fails to fulfill any of the above obligations that materially affect health and safety, except that imposed by R.C. 5321.05(A)(9), the landlord must provide the tenant with written notice that the rental agreement will terminate upon a date not less than thirty days after receipt of the notice. R.C. 5321.11.

If, however, the tenant breaches an obligation not among those imposed by R.C. 5321.05, then, pursuant to R.C. 1923.04(A), the landlord need only provide three days' notice prior to the commencement of an action for restitution of the premises. In this case, LMHA argues that Fonseca violated obligations imposed by the written rental agreement and thus only three days' notice was required. Fonseca contends that she is accused of violating the obligations imposed by R.C. 5321.05 and therefore thirty days' notice was required.

This court previously determined the issue in *Parker v. Fisher* (1984), 17 Ohio App.3d 103, 17 OBR 166, 477 N.E.2d 654. In *Parker* we stated:

"Any violation of an obligation of a tenant included in R.C. 5321.05 which is relied upon as grounds for termination of the rental agreement must be pursued, if at all, in compliance with R.C. 5321.11. The landlord cannot circumvent this

requirement by placing the statutory obligation in writing and then ignoring the statutory notice requirement.

"On the other hand, if there is a breach of an obligation imposed by a written rental agreement which obligation is not included in R.C. 5321.05, there is no requirement that there be the thirty-day notice called for in R.C. 5321.11." *Id.* at 104–105, 17 OBR at 167, 477 N.E.2d at 655.

In other words, where the actions of the tenant violate both the written lease agreement and a provision of R.C. 5321.05(A) which materially affects health and safety, the landlord must comply with the notice requirement set forth in R.C. 5321.11. See *Sandefur Mgt. Co. v. Wilson* (1985), 21 Ohio App.3d 160, 21 OBR 170, 486 N.E.2d 1267. However, where the tenant has violated a section of a written lease which prohibits illegal conduct, the landlord need not give thirty days' notice, as there is no comparable counterpart in R.C. 5321.05 which prohibits general illegal conduct. See *Portage Metro. Housing Auth. v. Brown* (1990), 66 Ohio App.3d 737, 586 N.E.2d 168; *Akron Metro. Housing Auth. v. Sistrunk* (Feb. 12, 1986), Summit App. No. 12253, unreported, 1986 WL 2214.

In the instant case, LMHA claims that Fonseca violated two separate terms of the rental agreement. The first lease term Fonseca violated, regarding peaceful enjoyment, is similar to R.C. 5321.05(A)(8). Thus, it would seem R.C. 5321.11 applies. See *Sandefur, supra,* at 21 Ohio App.3d 161–162, 21 OBR at 171–173, 486 N.E.2d at 1268–1270. Fonseca's other violation, however, involves an accusation of assault with a steak knife. It is this violation that LMHA claims breaches not a provision of R.C. 5321.05 but a provision in the written lease agreement against criminal activity.

Based on the cursory nature of both the magistrate's report and the trial court's judgment entry, we are unable to determine whether the court below incorrectly applied, as a matter of law, R.C. 5321.11 to a situation involving criminal conduct and thus a breach solely of the written lease agreement, or whether there was a factual determination that somehow placed either the alleged assault incident or the lease provision prohibiting criminal activity within the purview of R.C. 5321.05 and 5321.11. Additionally, we are unable to ascertain whether the magistrate found that the violation of the lease provision concerning quiet enjoyment of the premises materially affected health and safety, thereby making R.C. 5321.11 applicable.

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

DICKINSON and SLABY, JJ., concur.