**WALNUT HILLS APARTMENTS**

v.

**COSTNER.**

Hamilton County Municipal Court.

No. 98 CV 22665.

Decided May 14, 1999.

*Michael B. Bach,* for plaintiff.

*Noel Morgan,* Legal Aid Society of Cincinnati, for defendant.

JAMES PATRICK KENNEY, Judge.

This civil action is before the court on defendant's and plaintiff's motions for summary judgment. Plaintiff, Walnut Hills Apartments, has filed a complaint of forcible entry and detainer and for monetary damages against defendant, George Costner, attempting to remove defendant from the premises located at 861 Beecher Street, No. 210, Cincinnati, Ohio.

On August 3, 1998, plaintiff served defendant with a notice to leave the premises. This notice was precipitated by an alleged incident in which the defendant threatened a security guard with a gun and criminal charges were subsequently filed. In this notice, defendant was notified that he should leave the premises on or before August 13, 1998. The grounds of the eviction were stated as follows:

"Material noncompliance with Paragraph 23(b)(3) of the lease agreement, using the unit for unlawful purpose, engaging in or permitting unlawful activities in the unit, in the common areas or the project grounds and/or criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants * * * engaged in by a tenant, any member of the tenant's household, or any guest or other person under [the] tenant's control. Specifically, on July 19, 1998, you threatened a security guard with a gun and you were charged with possession of a weapon while intoxicated and inducing panic. Copy of the incident report is attached hereto as Exhibit 'A.' "

The defendant did not leave the premises and a complaint of forcible entry and detainer was filed by plaintiff.

The question presented by the defendant's motion for summary judgment is whether a thirty-day eviction notice is required in this case or whether the ten-day notice, which is what defendant actually received, is sufficient. R.C. 1923.02 provides:

"(A) Proceedings under this chapter may be had as follows:

"* * *

"(8) Against tenants who have breached an obligation that is imposed by section 5321.05 of the Revised Code, other than the obligation specified in division (A)(9) of that section, and that materially affects health and safety. Prior to the commencement of an action under this division, notice shall be given to the tenant and compliance secured with section 5321.11 of the Revised Code.

"(9) Against tenants who have breached an obligation imposed upon them by a written rental agreement."

■ When an action of a tenant violates both the provisions of a written lease and the provisions of R.C. 5321.05, the landlord is required to give a thirty-day notice in accordance with R.C. 5321.11 before the landlord begins an action in forcible entry and detainer. *Sandefur Mgt. Co. v. Wilson* (1985), 21 Ohio App.3d 160, 21 OBR 170, 486 N.E.2d 1267; *Lorain Metro. Housing Auth. v. Fonseca* (1996), 110 Ohio App.3d 292, 673 N.E.2d 1019; *Parker v. Fisher* (1984), 17 Ohio App.3d 103, 17 OBR 166, 477 N.E.2d 654. R.C. 5321.11 states:

"If the tenant fails to fulfill any obligation imposed upon him by section 5321.05 of the Revised Code that materially affects health and safety, * * * the landlord may deliver a written notice of this fact to the tenant specifying the act or omission that constitutes noncompliance with the pertinent obligations and specifying that the rental agreement will terminate upon a date specified in the notice, not less than thirty days after receipt of the notice. If the tenant fails to remedy the condition specified in the notice, the rental agreement shall terminate as provided in the notice."

■ The landlord contends that the tenant violated the terms of the lease agreement by engaging in criminal activity on or about the leased premises. Ohio courts have held that "where the tenant has violated a section of a written lease which prohibits illegal conduct, the landlord need not give thirty days' notice, as there is no comparable counterpart in R.C. 5321.05 which prohibits general illegal conduct. See *Portage Metro. Housing Auth. v. Brown* (1990), 66 Ohio App.3d 737, 586 N.E.2d 168; *Akron Metro. Housing Auth. v. Sistrunk* (Feb. 12, 1986), Summit App. No. 12253, unreported, 1986 WL 2214." *Lorain Metro. Housing Auth. v. Fonseca* (1996), 110 Ohio App.3d at 295, 673 N.E.2d at 1020–1021.

Plaintiff, with respect to its ten-day notice, relies on two different sections of the lease agreement. First, in the notice, plaintiff states the grounds for its actions as "[m]aterial noncompliance with Paragraph 23(b)(3) of the lease agreement * * * and/or criminal activity that threatens the health, safety, or right to

peaceful enjoyment of the premises by other tenants * * * engaged in by a tenant, any member of the tenant's household, or any guest or other person under the tenant's control." This statement in the notice basically quotes the language of Paragraph 23(b)(3) of the lease agreement. The language contained in the notice and in the lease agreement clearly is similar to R.C. 5321.05, which states:

"(A) A tenant who is party to a rental agreement shall do all of the following:

"* * *

"(8) Conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises."

The notice also contains the allegation that this conduct "materially affects health and safety" (see R.C. 1923.02[A][8]). That language, standing alone, would require the thirty-day notice of R.C. 5321.11 for the court to acquire jurisdiction.[1]

Plaintiff also alleges violations of Paragraph 13(b) of the lease agreement, which states:

"The tenant agrees that the tenant and members of the household must not engage in or permit:

"(1) Any criminal activity, including drug-related criminal activity, whether in the unit or elsewhere on or near the project; or

"(2) Any other unlawful activity in the unit or on the project."

Although the notice does not mention this specific paragraph of the lease by its number designation, the specific language of this paragraph is quoted in the notice.

Even though plaintiff alleges a violation that falls within the provisions of R.C. 5321.05, the court must determine, for jurisdictional purposes, whether the specific conduct alleged falls within the provisions of this section. If the alleged conduct could constitute both a violation of a separate written lease provision and the provisions of R.C. 5321.05, a thirty-day notice must be given in order for the court to obtain jurisdiction of the case. See *Sandefur, supra.*

In the present case, plaintiff, in the notice attached to the complaint, specifies the alleged actions upon which the complaint is based. The notice states: "Specifically, on July 19, 1998, you threatened a security guard with a gun and

---

1. Although mentioned in oral argument, R.C. 5321.05(A)(9) is not relevant to this case. This section deals only with drug-related criminal activity and not with all criminal activity. There is no allegation of any drug activity in the present case.

you were charged with possession of a weapon while intoxicated and inducing panic."

The alleged threat with a gun unquestionably "materially affects health and safety" (R.C. 1923.02[A][8] ). However, the alleged threat of a security guard does not "disturb his neighbors' peaceful enjoyment of the premises" and would not fall within the provisions of R.C. 5321.05(A)(8). The alleged facts in this case are distinguishable from those in the case of *Jeff Moore v. Mary Zinvelli* (1998), Hamilton M.C. No. 98 CV 13749, unreported, decided by this court. In *Moore* threats were made to other tenants. This court found that these actions did fall within the provisions of R.C. 5321.05(A)(8), in that they were directed to other tenants and thereby would disturb their peaceful enjoyment of the premises. In the present case, the alleged action was directed to the security guard and not towards other tenants and would have no affect on the tenants. Furthermore, the alleged violation is clearly set out as a violation of Paragraph 13(b) of the lease agreement, which prohibits criminal conduct.

Therefore, even though reference to Paragraph 23(b)(3) of the lease agreement, which is similar to R.C. 5321.05(A)(8), is included in the notice, the alleged facts clearly do not constitute a breach of that portion of the lease agreement or of R.C. 5321.05(A)(8). However, these facts, if proved, may constitute a violation of other lease terms prohibiting criminal behavior, specifically, Paragraph 13(b). Therefore, the ten-day notice provided to the defendant is adequate for jurisdictional purposes and defendant's motion for summary judgment is denied.

Plaintiff's motion for summary judgment is also denied, as there are genuine issues of material fact in dispute.

*Motions denied.*