OPINION
{¶ 1} Defendant-appellant, Nicole Parker, appeals from an East Liverpool Municipal Court decision in favor of plaintiff-appellee, the Columbiana County Metropolitan Housing Authority, evicting her.
 {¶ 2} Appellant occupies an apartment at LaBelle Terrace, a housing project operated by appellee in East Liverpool. She entered into a lease with appellee for the apartment on November 11, 2001. On May 21, 2003, appellee sent appellant a "Notice of Termination" (30-day notice) advising her that her lease was being terminated effective June 20, 2003. As reasons for the termination, the 30-day notice listed lease violations as follows: (1) electric service was disconnected; (2) violation of sanitation code; (3) yard was filled with trash after repeated requests to clean it up; and (4) children services complained about how dirty the apartment was. On June 20, 2003, appellee gave appellant a "Termination of Lease and Notice to Leave the Premises and Notification of Rights" (three-day notice). The three-day notice terminated appellant's lease effective June 23, 2003. It stated the reasons for the eviction as: "LEASE VIOLATIONS: REPEATED ELECTRIC SERVICES DISCONNECTED. HEALTH AND SAFETY ISSUES, TRASH IN YARD, DOESN'T KEEP HER YARD CLEAN."
 {¶ 3} Appellant refused to vacate the apartment. So appellee filed a complaint for forcible entry and detainer against appellant on July 10, 2003, alleging that appellant was in violation of her rental agreement because, among other things, her electric had been disconnected, she had trash in her yard, she threw garbage on her hedges, and she had safety issues. The case proceeded to trial on August 4, 2003. The trial court found that the only issue appellee could proceed on was the trash in appellant's yard.
 {¶ 4} The court heard testimony from appellant and Brenda Simmons, the LaBelle Terrace apartment manager. Ms. Simmons testified that appellant puts two or three bags of trash out at a time on a bush in front of her apartment. (Tr. 11). She stated that dogs and cats get into the trash. (Tr. 11). Ms. Simmons testified that during the preceding year she spoke with appellant at least ten times asking her to take her trash to the dumpster, although she had no record of these conversations. (Tr. 11, 19, 36). Appellant acknowledged that Ms. Simmons had discussed the issue with her three to five times. (Tr. 44, 52). She stated that the only reason she left trash outside was because while she was cleaning, it was easier to put the bags outside one at a time until she completed her cleaning and then take all the bags to the dumpster. (Tr. 52). Appellant testified that she would only leave the bags outside for a half an hour to an hour. (Tr. 46).
 {¶ 5} Ms. Simmons testified that these actions were in violation of section 14(b) of appellant's lease, which provides:
 {¶ 6} "Tenant agrees to abide by the State and/or local Sanitation Code posted in the CMHA's management office and accepts responsibility for the control of pests, vermin and objectionable odors stemming from unsanitary housekeeping practices. The Tenant also agrees to keep the dwelling unit and all other areas assigned to the Tenant for his exclusive use free of debris and litter and in a clean and safe condition at all times. Tenant also agrees to cooperate with other Tenants in keeping their common areas free of litter and debris and in a clean and safe condition at all times. Repeated violations of this paragraph constitute good cause fro [sic.] the Executive Director or Designee to terminate this Lease." (Tr. 10; Plaintiff's Exh. 1).
 {¶ 7} The trial court found in appellee's favor, ordered appellant to immediately vacate the premises, and issued a writ of restitution. Appellant filed a timely notice of appeal. And the trial court granted appellant a stay of execution pending this appeal.
 {¶ 8} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 9} Appellant raises two assignments of error, which are very similar. Thus, we will address them together. They state:
 {¶ 10} "The trial court ruled to the prejudice of the defendant/appellant when it over-ruled [sic.] defendant's motion for judgment made at the close of plaintiff's case-in-chief."
 {¶ 11} "The trial court ruled to the prejudice of the defendant/appellant when it rendered judgment in favor of plaintiff/appellee at the close of the trial."
 {¶ 12} Appellant contends the court erred in overruling her motion for judgment at the conclusion of appellee's case. She argues that appellee failed to provide her with the 30-day abatement period she asserts is required by R.C. 5321.11, which provides:
 {¶ 13} "If the tenant fails to fulfill any obligation imposed upon him by section 5321.05 of the Revised Code that materially affects health and safety, other than the obligation described in division (A)(9) of that section, the landlord may deliver a written notice of this fact to the tenant specifying the act or omission that constitutes noncompliance with the pertinent obligations and specifying that the rental agreement will terminate upon a date specified in the notice, not less than thirty days after receipt of the notice. If the tenant fails toremedy the condition specified in the notice, the rentalagreement shall terminate as provided in the notice." (Emphasis added.)
 {¶ 14} R.C. 5321.05 sets out a tenant's obligations. They include "[k]eep[ing] that part of the premises that [s]he occupies and uses safe and sanitary;" "[d]ispos[ing] of all rubbish, garbage, and other waste in a clean, safe, and sanitary manner;" and "[c]omplying with the requirements imposed on tenants by all applicable state and local housing, health, and safety codes." R.C. 5321.05(A)(1)(2)(5). R.C. 5321.05(A)(9) deals with drug use and does not apply to this case.
 {¶ 15} Appellant notes that R.C. 5321.11 states that if the tenant fails to remedy the condition specified in the notice, the lease will terminate. She argues it is logical to conclude that if the tenant remedies the specified condition, the lease will not terminate. Appellant points to Ms. Simmons' testimony that she did not place any trash bags outside after she received the 30-day notice.
 {¶ 16} Appellant further contends that the trial court erred in failing to consider the events that occurred after she received the notice of violation, specifically that she abated the alleged violation. At the trial's conclusion, the court stated:
 {¶ 17} "Whether or not she [appellant] has complied after the fact is really not relevant. The issue is whether or not she was in non-compliance at the time that these notices were presented. I find that she did violate her lease, Rule 14(B), in regards to this matter, and I am granting the First Cause of Action solely, on the basis of violation of lease Rule 14(B)." (Supplemental Tr. 8).
 {¶ 18} Thus, the court made clear that anything appellant did to remedy the trash problem was irrelevant to its determination.
 {¶ 19} Next, appellant argues that her actions of leaving trash bags outside her apartment for a minimal time does not constitute a health and safety violation nor a substantial lease violation. Thus, she claims appellee could not terminate her tenancy for this reason. Furthermore, she points out that she demonstrated that LaBelle Terrace often has litter strewn about and therefore, the minute amount that she might contribute is not significant enough to constitute just cause to terminate her tenancy. (Defendant's Exhs. 1-26).
 {¶ 20} Finally, appellant argues that Ms. Simmons, as a resident manager, has no authority to promulgate a rule banning the placement of a trash bag outside an apartment for a short time. She points out that when asked if there was a code of regulations that specified that tenants could not put trash outside their apartment, Ms. Simmons responded, "I don't know if it's in that. I tell them [the tenants] that." (Tr. 22).
 {¶ 21} When a tenant's actions violate both the written lease and a provision of R.C. 5321.05, the requirements of R.C. 5321.11
apply. Sandefur Management Co. v. Wilson (1985),21 Ohio App.3d 160, 162. R.C. 5321.11 requires a landlord to provide a tenant with a 30-day notice and an opportunity to cure when the proposed termination is based on alleged violations of the lease terms that also implicate the tenant's duties under R.C. 5321.05(A).Fed. Prop. Mgmt. v. Brown (June 25, 1999), 2d Dist. No. 17424. If the tenant fails to correct the alleged violations, and "holds over" past the 30-day time period, only then may the landlord proceed to forcible entry and detainer as prescribed in R.C.1923.02. Woodrose Ltd. Belmont Development Co. v. Debolt (June 20, 1991), 5th Dist. No. CA-403.
 {¶ 22} First, appellant's assertion regarding Ms. Simmons promulgating her own rules, is without merit. Ms. Simmons testified that she discussed the trash bag issue with appellant on numerous occasions. (Tr. 36). Appellant admitted that Ms. Simmons had talked with her about the trash bags three to five times. (Tr. 44, 52). Thus, appellant was aware that the practice of setting trash bags outside was not appropriate at LaBelle Terrace. Additionally, while appellant's lease does not specifically state, "thou shall not place trash bags outside apartments," it does provide that tenants are to keep both their private areas and public areas free from litter and debris and in a clean safe condition at all times. (Plaintiff's Exh. 1, section 14(b)). It also provides that tenants are to dispose of all garbage in a sanitary and safe manner. (Plaintiff's Exh. 1, section 14(c)). And R.C. 5321.05(A), which lists duties for all tenants, provides for keeping the premises safe and sanitary and disposing of rubbish in a clean, safe, and sanitary manner. Hence, appellant should have been well aware of the rules under both her lease and the Revised Code. They are sufficient notice to appellant that she should not leave trash bags outside her apartment. They also demonstrate that Ms. Simmons was not making up rules, as appellant suggests.
 {¶ 23} Next, we must determine whether the court erred in failing to consider evidence of anything that occurred after appellant received the 30-day notice and whether it should have granted judgment in appellant's favor.
 {¶ 24} Ms. Simmons testified that since she gave appellant the 30-day notice, she has not seen any trash outside appellant's apartment. (Tr. 38). Appellant also testified that after she received the 30-day notice, she stopped putting her trash bags outside. (Tr. 46). Thus, it is undisputed that after appellee issued the 30-day notice, appellant stopped setting her trash bags outside of her apartment. Therefore, since appellant remedied the condition specified in the 30-day notice, the rental agreement should not have been terminated.
 {¶ 25} But in a somewhat similar case, the Second District did not reach this result. In Brown, 2d Dist. No. 17424, a landlord of a subsidized housing project sent a 30-day notice to Brown asking her to leave her apartment because of repeated violations of her "lease, house rules and regulations, and her `responsibility and obligation required to remain in housing.'" The violations stemmed from incidents involving Brown's children. Her children allegedly were increasingly involved in curfew violations, causing disturbances to neighbors, and vandalism and theft of the community room. Brown refused to leave and the landlord brought an eviction action against her. The court granted restitution of the premises to the landlord. Brown appealed arguing, among other things, that the landlord did not afford her an opportunity to cure the alleged breach of her lease as required by R.C. 5321.11. The court, reviewing for plain error, found the trial court did not err in refusing to dismiss the eviction action. It based its decision on the following evidence. Brown and the property manager testified that they met on several occasions to discuss incidents involving Brown's children. The property manager had sent Brown a letter two weeks before she sent the 30-day notice. It detailed the ongoing and increasingly serious situations involving Brown's children and Brown's continued failure to prevent her children from causing disturbances despite several meetings and agreements. The court reasoned that since the evidence supported a finding that Brown had known about the ongoing problems involving her children and had only remedied specific situations, it was reasonable for the trial court to determine that 30 days without incident did not show that Brown had cured the breach. The court noted that as long as Brown's children lived with her, there would be a potential for the reoccurrence of problems as the landlord had experienced in the past.
 {¶ 26} So in Brown, the court looked past the fact that Brown had been incident free for the 30 days after she received the 30-day notice. The court focused on numerous instances where Brown agreed to remedy the situation with her children and failed to do so. The same could be said in this case, since Ms. Simmons and appellant testified that Ms. Simmons had spoken with appellant about the trash bag situation numerous times before issuing the 30-day notice.
 {¶ 27} That said, this matter is distinguishable fromBrown. In this case, the situation complained of (garbage bags in the yard) was completely under appellant's control whereas inBrown, the situation complained of (Brown's children disturbing neighbors and breaking the rules) seemed out of Brown's control. The Brown court noted that as long as the children lived with Brown, there would be a potential for the reoccurrence of the problems. Brown could not control her children. Additionally, Brown's children were disturbing the neighbors and had apparently vandalized the community room. These occurrences were much more serious than leaving a couple of trash bags outside for a few hours. Another difference between the two cases is that inBrown, the property manager documented the incidents the children were involved with and reported them to Brown, informing her they were in violation of the lease agreement and the house rules and regulations. In this case, Ms. Simmons had no record of how many times she may have spoken with appellant regarding the garbage bags. (Tr. 19). Given these differences, this matter is distinguishable from Brown.
 {¶ 28} Accordingly, the trial court erred in refusing to consider evidence of what occurred after appellant received the 30-day notice and in overruling appellant's motion for judgment. Based on the foregoing, appellant's assignments of error have merit.
 {¶ 29} For the reasons stated above, the trial court's decision is hereby reversed.
Vukovich, J., dissents. See dissenting opinion.
DeGenaro, J., concurs in judgment only.